**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2303
_____

JAMES RANDALL,
                              Appellant

v.

CITY OF PHILADELPHIA LAW DEPARTMENT;
JOHN MOUZON, Philadelphia Police Officer Badge
#5293;
LEON MCKNIGHT, Philadelphia Police Officer Badge
#6630
_____

On Petition from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No: 2:18-cv-01541)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 25, 2019

Before: SMITH, *Chief Judge*, and CHAGARES and
BIBAS, *Circuit Judges*

(Filed: March 20, 2019)
_____

Michael I. McDermott, Esq.
18th Floor
121 South Broad Street
Philadelphia, PA 19107
    *Counsel for Appellant*

Jennifer MacNaughton, Esq.
Andrew Pomager, Esq.
City of Philadelphia
Law Department
1515 Arch Street
Philadelphia, PA 19102
    *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

When a defendant commits a continuing violation of the law, the limitations period starts running from the defendant's last act, not from when the effects of that violation end. Here, the defendants arrested and prosecuted James Randall in Philadelphia for drug and weapons crimes. As a result of that prosecution, New Jersey and Delaware County, Pennsylvania, lodged detainers against Randall for violating his probation. So he remained in those jurisdictions' custody until December 2015. But the defendants' last act was in August 2015, when they dropped the charges and sent Randall to New Jersey.

So the clock started to run on Randall's Section 1983 malicious-prosecution claim in August 2015. And that clock ran out

2

in August 2017. But Randall filed this suit in December 2017—four months too late. So we will affirm the District Court's dismissal of this suit as untimely.

## I. BACKGROUND

In December 2013, Philadelphia police found drugs, a gun, and money in an apartment that they thought was Randall's. So the police arrested Randall, and the Philadelphia District Attorney's Office charged him with drug and weapons crimes. But it dropped all the charges on August 24, 2015.

This was not the end of Randall's time in custody. When he was arrested in Philadelphia, he was already on probation in both New Jersey and Delaware County, Pennsylvania. And when they heard about his arrest, both those jurisdictions issued detainers for him. So after dropping the charges, Pennsylvania released Randall into New Jersey's custody. He remained in custody, first in New Jersey and then in Delaware County, until December 24, 2015.

On December 26, 2017, Randall sued the Philadelphia Law Department and the Philadelphia police officers who had arrested him. His amended complaint alleged several Section 1983 claims and Pennsylvania tort claims. The defendants moved to dismiss based on the statute of limitations. The District Court granted the motion, dismissing Randall's claims with prejudice as time-barred.

Randall appeals only the dismissal of his Section 1983 malicious-prosecution claim. We review that dismissal de novo. *Conrad v. Pa. State Police*, 902 F.3d 178, 182 (3d Cir. 2018).

3

## II.  RANDALL'S SUIT WAS UNTIMELY

Randall claims that his suit was timely because the continuing-violation doctrine delayed the start of the limitations period until his ultimate release. We disagree.

Section 1983 has no statute of limitations of its own. *See* 42 U.S.C. § 1983. Rather, it borrows the underlying state's statute of limitations for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that period is two years. 42 Pa. Stat. and Cons. Stat. Ann. § 5524(1), (7) (2014).

But when a Section 1983 claim accrues is a matter of federal law. *Wallace*, 549 U.S. at 388. And federal law holds that a malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). For Randall, that happened in August 2015, when Pennsylvania dropped the charges against him. So he had until August 2017 to file his suit unless something delayed or tolled the statute of limitations.

Randall claims that the continuing-violation doctrine postponed the running of the statute of limitations. This doctrine applies "when a defendant's conduct is part of a continuing practice." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991). In such cases, "so long as the last act [in] the continuing practice falls within the limitations period … the court will grant relief for the earlier related acts that would otherwise be time barred." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001).

Here, even after Pennsylvania dropped the charges against Randall, he remained detained. He argues that this detention

4

was part of a continuing practice by the defendants. So, he says, his limitations period did not begin to run until his release on December 24, 2015. If that is right, then his suit was timely. Under the Federal Rules, he filed on the last possible day: December 24, 2017, was a Sunday; December 25 was a legal holiday; and he sued on December 26. Fed. R. Civ. P. 6(a)(1)(C).

But the continuing-violation doctrine focuses on continuing *acts*, not *effects*. *Cowell*, 263 F.3d at 293. In other words, the doctrine relies on a *defendant's* continuing acts, not a *plaintiff's* continuing injury. Here, New Jersey and Delaware County detained Randall past August 2015. But New Jersey and Delaware County are not defendants. No *defendant* detained Randall beyond August 2015.

Nor does it matter that Randall's arrest and prosecution were but-for causes of his continued detention in New Jersey and Delaware County. Continued detention was an *effect* of his Philadelphia arrest and prosecution, not an *act* (or omission in the face of a duty to act) by any defendant. And he has not alleged that the defendants somehow enrolled New Jersey or Delaware County as their agents in detaining him. So that detention did not trigger the continuing-violation doctrine.

To be clear, our holding is about the timeliness of Randall's case, not its merits. For the continuing-violation doctrine is a timeliness rule, not a merits rule. His continued detention could be relevant to liability or damages; we need not decide that. But it has no bearing on his suit's timeliness.

\* \* \* \* \*

Randall's malicious-prosecution claim accrued in August 2015, when Pennsylvania dropped the charges against him. The defendants did nothing after that date that could delay the start of the limitations period. So the limitations period expired in August 2017. Randall filed his suit after that. Because his suit was untimely, we will affirm.