NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1530

———————

TANYA WILSON,
                              Appellant

v.

UNITED STATES POSTAL SERVICE;
POSTMASTER GENERAL OF THE UNITED STATES

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-00883)
District Judge: Honorable Joseph F. Leeson

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, <u>Circuit Judges</u>

(Opinion filed: June 15, 2020)

———————

OPINION*

———————

AMBRO, <u>Circuit Judge</u>

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tanya Wilson asks us to reverse the District Court's grant of a motion to dismiss with prejudice her Title VII complaint as time barred for failure to exhaust administrative remedies. We disagree and thus affirm.[1]

Wilson is an employee of the United States Postal Service ("USPS"). She alleges that, beginning in 2016, an unnamed male co-worker began harassing her and requesting sexual favors. According to Wilson, after she denied his request, the co-worker began stalking her, telling other employees that she was "crazy," and, in June 2017 falsely reported to "federal authorities" that she had a firearm and planned to perpetrate a shooting "because he hoped that doing so would lead to [her] being shot by authorities." J.A. 31–32 ¶¶ 27–30. Wilson alleges that the co-worker later admitted that he had knowingly made a false report and was criminally charged. This conduct allegedly led Wilson to feel "isolat[ed]" at work. J.A. 32 ¶ 27.

Wilson further alleges that she reported the sexual harassment to her supervisors, and that they knew about the false 911 call, but failed to discipline the co-worker, instead forcing Wilson either to work with him or switch her own shift to "less desirable hours." *Id.* ¶ 40. Wilson's supervisors also allegedly required her to perform work that involved lifting boxes despite her "medical documentation stating that it was unsafe for her to perform this work." J.A. 33 ¶ 42. She claims that this less-desirable work was in retaliation for her complaints. Further, according to Wilson, these scheduling changes

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

2

did not remedy the problem of the workplace harassment because the co-worker continued to spread rumors about her when she was not there.

On August 3, 2017, Wilson, proceeding *pro se*, requested an appointment with an Alternative Dispute Resolution specialist. Five days later, she filed an information for pre-complaint counseling with USPS's Equal Employment Office (the "EEO Information."). She asserted she was discriminated against based on her gender because her male co-worker "was NOT diciplined for [the false] 911 [call] [sic]" or for "asking [her] for sexual favors" and "stalk[ing]." J.A. 19–20. She asserted specifically that on June 8, 2017, she was called into a supervisor's office and was told that they had received a call that her co-worker "was going to do something [to her]" and that the next day, when she came to work, her pay time card was stolen. J.A. 19. Wilson reported this to her supervisors and stated that the police came to her office based on the false 911 call. *Id.* Additionally, she indicated that her supervisor was not aware of her participation in protected EEO activity.

Wilson then sued USPS and the Postmaster General under Title VII, alleging, as relevant here, claims of discrimination–disparate treatment, retaliation, and discrimination–hostile work environment. The District Court dismissed her complaint with prejudice, ruling that her claims were time-barred because she failed to exhaust her administrative remedies within forty-five days of the complained-of conduct as required by regulation. She appeals.

Wilson contends that the District Court erred in dismissing her compliant as time-barred because she properly alleged a continuing violation. We review *de novo* the

3

District Court's grant of Wilson's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

*Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) (citation omitted). "In

deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken

as true and interpreted in the light most favorable to the plaintiffs, and all inferences must

be drawn in favor of them." *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)

(citation omitted). To withstand dismissal, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and the

regulations promulgated thereunder, create "the exclusive remedy for federal employees

who allege discrimination in the workplace." *Robinson v. Dalton*, 107 F.3d 1018, 1020–

21 (3d Cir. 1997). Before bringing a Title VII claim, "[i]t is a basic tenet of

administrative law that a plaintiff must exhaust all required administrative remedies . . . ."

*Id.* at 1020. This requires that "[a]n aggrieved person must initiate contact with a

Counselor within 45 days of the date of the matter alleged to be discriminatory." 29

C.F.R. § 1614.105(a)(1); *see also Robinson*, 107 F.3d at 1021 (holding that "exhaustion

requires . . . consultation with an agency counselor" within those forty-five days). Failure

to submit a charge within the requisite time period fails to preserve a claim and thus is

subject to dismissal. *See Robinson*, 107 F.3d at 1022–23.

Exhaustion requirements, however, are subject to equitable exceptions, such as the

continuing violation doctrine. To succeed, first, a plaintiff "must demonstrate that at least

4

one act occurred within the filing period: 'The crucial question is whether any present violation exists.'" *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995) (citation and emphasis omitted). Second, a "plaintiff must establish that the harassment is 'more than the occurrence of isolated or sporadic acts of intentional discrimination.' The relevant distinction is between the occurrence of isolated, intermittent acts of discrimination and a persistent, on-going pattern." *Id.* at 755 (citation omitted). Further, "the doctrine relies on a *defendant's* continuing acts, not a *plaintiff's* continuing injury." *Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 199 (3d Cir. 2019) (emphasis in original).

In her EEO Information, Wilson complains of only one discriminatory or retaliatory action by her supervisor—failing to discipline her co-worker after his false 911 report. *See* J.A. 19–20 §§ B–D. She asserts that this alleged discriminatory act occurred on June 8–9, 2017. Because Wilson filed her charge at least fifty-five days after the alleged discrimination, she failed to exhaust her claim.

Further, the continuing violation exception does not apply because Wilson has failed to assert any discriminatory or retaliatory action that took place within the filing period or is ongoing, let alone that this was an ongoing pattern *on the part of her employer*. *See West*, 45 F.3d at 754–55. Rather, every assertion of USPS's discrimination comes from the failure to discipline in relation to the 911 call in early June. *See* J.A. 19 ("[E]mployee made a false 911 call to the agency against me saying I had a gun. He was not diciplined [sic]."); *id.* at 20 ("He was NOT diciplined for calling 911 . . . . [sic]"). Even mindful of Wilson's *pro se* status and construing broadly her assertion that she "[t]old [her] supervisors [h]e asked me for sex and has been stalking me inside and

5

outside of work" as part of her failure-to-discipline claim, she still fails to allege that her employers took any discriminatory or retaliatory action within the filing period.[2] *Id.* at 20.

Because all three of Wilson's claims stem from the same event, which occurred outside the filing period, on our *de novo* review of the record and construing all inferences in Wilson's favor, we agree with the District Court that her complaint is time-barred and accordingly must be dismissed for failure to state a claim. We thus affirm.

---

[2] Even if, as Wilson asserts in her briefing, the stalking was ongoing, there is still no allegation to support a continued lack of discipline on the part of USPS, as is required under the continuing violation doctrine. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) ("[T]he only alleged discrimination occurred–and the filing limitations periods therefore commenced–at the time the [adverse action] was made . . . . That is so even though one of the effects of the [adverse decision] did not occur until later." (emphasis omitted)).