**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1045
_____

DAROLD PALMORE,
          Appellant

v.

CLARION UNIVERSITY OF PENNSYLVANIA; CLARION UNIVERSITY POLICE
DEPARTMENT; DISTRICT ATTORNEY CLARION COUNTY; KAREN WHITNEY,
Clarion University President; MATTHEW SHAFFER, Coordinator of Judicial Affairs
and Residence Life; SHANE WHITE, Corporal of Clarion University Police Department;
DREW WELSH, Clarion County District Attorney
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-00106)
District Judge: Honorable Cynthia R. Eddy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2023
Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: August 30, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se litigant Darold Palmore appeals the District Court's judgment granting Appellees' motions to dismiss. For the reasons stated herein, we will vacate the District Court's judgment in part, otherwise affirm, and remand for further proceedings.

I.

Palmore was a full-time student at Clarion University of Pennsylvania ("Clarion") in the fall of 2015 when he was accused of sexual misconduct. Clarion conducted an independent investigation. On November 6, 2015, Clarion placed Palmore on interim suspension and demanded that he vacate the university until the University Conduct Board ("UCB") could hold a hearing on his case. On November 23, 2015, Clarion informed Palmore that the UCB would hold his hearing on December 4, 2015, but on December 2, 2015, the hearing was postponed at the request of Palmore's counsel. On December 3, 2015, Palmore requested video footage evidence for his defense, but Defendant Shane White, an officer with Defendant Clarion University Police Department, refused to release the footage.

On December 11, 2015, the state filed criminal charges against Palmore, who was convicted on October 11, 2016, and immediately incarcerated. Palmore appealed and a new trial was ordered. Palmore was acquitted on June 12, 2019, at the conclusion of his second trial. Palmore filed an initial complaint, and then filed an amended complaint after the Defendants filed motions to dismiss. In his amended complaint, Palmore alleged violations of Title IX and his due process rights, as well as breach of contract,

2

promissory estoppel, negligence, defamation, false arrest and imprisonment, and malicious prosecution. The District Court granted two separate motions to dismiss filed by the Defendants, thereby dismissing with prejudice Palmore's claims as barred by the applicable statutes of limitations. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of a motion to dismiss. See Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017). We may affirm on any grounds supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

## II.

42 U.S.C. § 1983 does not have its own statute of limitations, and instead "borrows the underlying state's statute of limitations for personal-injury torts." Randall v. City of Philadelphia Law Dep't., 919 F.3d 196, 198 (3d Cir. 2019) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). In Pennsylvania, the statute of limitations for such a claim is two years. 42 Pa. C.S.A. § 5524(1), (7) (2014). "A § 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

## A.

We begin our review as the District Court did with Palmore's false arrest and false imprisonment claims. The statute of limitations for a false arrest claim begins when a

3

plaintiff is "detained pursuant to legal process." See Wallace v. Kato, 549 U.S. 384, 397 (2007). The statute of limitations for a false imprisonment claim begins to run when the alleged false imprisonment ends. See Wallace, 549 U.S. at 389. The District Court determined that Palmore was taken into custody on December 11, 2015, and released from custody on September 4, 2018. Thus, the District Court reasoned, the statute of limitations for Palmore's false arrest claim expired on December 11, 2017, and the statute of limitations for his false imprisonment claim expired on September 4, 2020. Since Palmore filed his complaint on June 14, 2021, the District Court concluded that these claims were time-barred.

In his brief, Palmore disputes the dates used by the District Court for his false arrest and false imprisonment claims. He argues that he was incarcerated on October 11, 2016, and released on January 24, 2019. Using these dates arguendo, the statute of limitations for his false arrest claim would expire on October 11, 2018, and the statute of limitations for his false imprisonment claim would expire on January 24, 2021. Since Palmore filed his complaint on June 14, 2021—well after these dates of expiration—his claims would still be untimely if the District Court had used his preferred dates. Consequently, we perceive no error in the District Court's dismissal of Palmore's false arrest and false imprisonment claims.

B.

For both malicious prosecution claims and <u>Brady</u> due process claims alleging

suppression of favorable evidence, the statute of limitations begins to run when the

underlying criminal proceedings terminate in the plaintiff's favor.  <u>See</u> <u>Heck v.</u>

<u>Humphrey</u>, 512 U.S 477, 484 (1994); <u>Rose v. Bartle</u>, 871 F.2d 331, 349 (3d Cir. 1989);

<u>Owens v. Baltimore City State's Att'ys. Off.</u>, 767 F.3d 379, 392 (4th Cir. 2014); <u>and</u>

<u>Johnson v. Dossey</u>, 515 F.3d 778, 781–82 (7th Cir. 2008).  Application of the statute of

limitations is governed by state law.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 269 (1985) ("Only

the length of the limitations period, and closely related questions of tolling and

application, are to be governed by state law.").  When computing time under the Federal

Rules of Civil Procedure and the period is stated in days or a longer period of time,

"include the last day of the period, but if the last day is a Saturday, Sunday, or legal

holiday, the period continues to run until the end of the next day that is not a Saturday,

Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).

The District Court reasoned that since Palmore was acquitted of the underlying

charges on June 12, 2019, he had until June 12, 2021, to file his complaint.  The District

Court then concluded that since Palmore did not file until June 14, 2021,[1] his claims were

---

[1] Palmore challenges the District Court's determination regarding the date of filing of his complaint.  In his brief, Palmore argues that the date of filing should be June 11, 2021, when his complaint was allegedly delivered by mail carrier.  However, Palmore has failed to prove that the complaint was in fact received on this date by the District Court.  Moreover, the complaint itself was stamped "RECEIVED" by the clerk of the court on

5

time-barred and dismissed them with prejudice. However, the District Court erred by computing the statute of limitations without taking into account Federal Rule of Civil Procedure 6(a)(1)(C).[2] Since June 12, 2021, was a Saturday, the final day of the statute of limitations period was the following Monday, which was June 14, 2021.[3] Because Palmore filed his complaint on this date, the District Court erred in dismissing Palmore's malicious prosecution claims and due process claims alleging suppression of favorable evidence. Consequently, we will vacate the District Court's judgment with respect to these claims.

## C.

We next consider Palmore's Fourteenth Amendment due process claims. Palmore alleges that Defendants Clarion, the Clarion University Police Department, Clarion University president Karen Whitney, Clarion University coordinator of judicial affairs and resident life Matthew Shaffer, and White (the "Clarion Defendants") violated his rights by failing to properly investigate the allegations of sexual assault that had been

---

June 14, 2021. Thus, we take this date as the date of filing, rather than Palmore's requested date of June 11, 2021.

[2] Defendants Clarion, the Clarion University Police Department, Clarion University president Karen Whitney, Clarion University coordinator of judicial affairs and resident life Matthew Shaffer, and White (the "Clarion Defendants") concede this point. See CA ECF No. 15, at 13 (invoking Fed. R. Civ. P. 6(a)).

[3] Notably, we would also arrive at this result if we were to use the Pennsylvania Rules of Civil Procedure for computing time, rather than the Federal Rules of Civil Procedure. See 231 Pa. Code R. 106.

leveled against him; failing to conduct a University Conduct Board ("UCB") hearing on the matter; and dismissing him from campus. As noted above, the statute of limitations period for these claims is two years, and accrual occurs when the plaintiff knows or should have known of the injury on which the claim is based.

The District Court determined that Palmore "knew or should have known of his injury of the University's failure to provide him with a disciplinary hearing when the December 4, 2015, hearing did not occur and was not rescheduled." ECF No. 40, at 11-12. Thus, the District Court reasoned that Palmore "must have brought any due process action challenging the failure to afford him a disciplinary hearing by December 4, 2017." ECF No. 40, at 12. The District Court concluded that since Palmore brought his complaint after this date, his claims on this issue were time-barred.

The District Court reached a similar conclusion regarding Palmore's claim about the Defendants' decision to force him to vacate the campus. It reasoned that since he knew of this injury on November 6, 2015—when White delivered to Palmore a letter from the University demanding that Palmore vacate the grounds—that is the date of accrual and November 6, 2017, is the date of expiration. The District Court concluded that since Palmore filed after this date, his claims on his issue were time-barred.

Palmore challenges the District Court's conclusion regarding the dates of accrual for these claims. He argues that instead of these dates, his date of accrual should be May 28, 2021, and cites an email from that date sent by Sarah Zerfoss, Clarion University's

assistant director of student conduct and community development. In the email, Zerfoss noted that Palmore was not looking to return to the university as a student but wanted to settle the board hearing matter, and that it was unnecessary to move forward with a hearing if Palmore was not planning to return as a student. Palmore points to the date of this email as the date when he knew or should have known of the injury underlying his claims.

Upon review of the complaint, we conclude that the District Court erroneously determined that Palmore should have known of his injury on December 4, 2015. A failure to reschedule, in and of itself, does not equate to a formal notice of the cancellation of the disciplinary process without holding a UCB hearing. Palmore writes in his initial complaint that Clarion "fails to respond to Plaintiff's request to proceed with the hearing and make a final determination on the false allegation against him to reflect his exoneration and innocence." ECF 4, at 4, ¶ 31. Similarly, Palmore writes in his initial complaint that "Clarion has once again acknowledged and repeatedly ignored Plaintiff's request to resolve the false sexual misconduct." ECF 4, at 6, ¶ 44. Drawing all reasonable inferences in Palmore's favor, see Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998), this language indicates that Palmore believed that the UCB hearing would be rescheduled and that he continued to communicate with Clarion about proceeding with the disciplinary process. Just because Clarion did not hold a hearing on December 4, 2015, and did not reschedule one on that

date does not mean that Palmore should have known that they would never reschedule the hearing when another reasonable alternative was at hand—to wit, that Clarion would reschedule it at some point after that date in response to his repeated request for a resolution to his case. The Zerfoss email bears this out, in that Palmore still expected Clarion to hold a UCB hearing and had communicated with the Defendants after December 4, 2017, about his request for a UCB hearing. The email demonstrates that Palmore's understanding of the situation only changed when Zerfoss indicated that it was "unnecessary at this time to move forward with a hearing," a statement that put Palmore on notice to the fact that a UCB hearing would not be forthcoming.

For this reason, we will vacate the District Court's judgment with respect to Palmore's Fourteenth Amendment due process claims.

D.

Lastly, we turn to Palmore's Title IX, negligence, and breach of contract claims. Palmore argues that the Clarion Defendants violated his rights when they failed to properly investigate the allegations against him; failed to provide him with a UCB hearing at which he could present his case; and required him to vacate the grounds after he was accused of sexual assault. Similarly, Palmore alleges in his initial complaint that the Defendants were negligent in their duty to "ensure that [Clarion's] policies and procedures concerning sexual misconduct are fair and reasonable" and compliant with applicable state and federal law. ECF 4, at 11-12, ¶ 88 He also alleges that the

9

Defendants were negligent in training and overseeing staff members with respect to these policies and procedures. Additionally, Palmore alleges that a contractual relationship existed between himself and Clarion and that this relationship was governed by, inter alia, Clarion's Student Handbook. Palmore alleges that Clarion, Whitney, and Shaffer breached the university's contract with Palmore by failing to abide by the terms of the Student Handbook.

As with § 1983 claims, the statute of limitations for a Title IX claim is the two-year statute of limitations borrowed from Pennsylvania's state law governing personal injury actions. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989). Following the general rule for federal claims, Title IX claims accrue when the plaintiff knows or should have known of the injury underlying his claims. See U.S. v. Kubrick, 444 U.S. 111, 119-125 (1979); see also Snyder-Hill v. Ohio St. Univ., 48 F.4th 686, 698-99 (6th Cir. 2022) (applying the general rule to a Title IX claim) and King-White v. Humble Independent School Dist., 803 F.3d 754, 759 (5th Cir. 2015) (stating that Title IX claims are governed by the same set of rules). The statute of limitations for a negligence claim under Pennsylvania law is also two years, and accrues when a plaintiff knows or should have known of their injury. 42 Pa. C.S.A § 5524. The statute of limitations for a breach of contract claim under Pennsylvania law is four years and accrues when the plaintiff knows or should have known about the breach. 42 Pa. C.S.A. § 5525.

10

For the reasons stated above, we disagree with the District Court's conclusion regarding the dates of accrual and expiration for these claims. Additionally, Palmore has alleged that "[d]espite knowing that [Palmore] has been exonerated of the false allegations, Clarion has failed to correct Plaintiff's academic transcript to reflect" this fact. ECF 4, at 6, ¶ 42. This failure to correct claim would certainly accrue at the earliest on June 12, 2019—the date of Palmore's acquittal—and the date of expiration would be June 14, 2019—the date that he filed his complaint—thus making the claim timely

Therefore, we will vacate the District Court's judgment with respect to Palmore's Title IX, negligence, and breach of contract claims.

## III.

For the reasons stated above, we will vacate the District Court's judgment with respect to Palmore's malicious prosecution, Brady due process, Fourteenth Amendment due process, Title IX, negligence, and breach of contract claims, and remand for further proceedings. We express no opinion on how the District Court should resolve these claims. We will otherwise affirm.[4]

---

[4] We grant Palmore's motion to file an amended reply brief. We have considered his amended reply brief, which was attached to his motion.