CLD-195                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3263
_____

HENRY JAMES HOLMES,
Appellant

v.

MICHAEL VEITH; WARDEN ORLANDO L. HARPER;
JOSE MANUEL CARVALLO, JR.; COL. ROBERT EVANCHICK;
B. SMITH, ID 614; D. CORBETT, ID 570; ROBERT FORMAN, ID 644;
ABEL SORIA; A. SANDQUIST-DECEASED; DONNA L. JOHNSON;
ATT JORGE HERNANDEZ; CINDI BETH MISHKIN; RAJON MALINE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-01375)
District Judge:  Honorable Mark R. Hornak

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 17, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: October 4, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Henry James Holmes, proceeding in forma pauperis, appeals from the District Court's judgment dismissing his complaint. Because no substantial question is presented on appeal, we will affirm.

I.

Holmes, who also proceeded in forma pauperis in the District Court, sued a subset of the defendants ("the Pennsylvania Defendants") alleging violations of his constitutional rights related to his arrest in Pennsylvania on August 29, 2014, and his subsequent prosecution and detention in connection with his failure to register as a sex offender. Holmes also alleged that his constitutional rights were violated by the other defendants ("the California Defendants") in 2000 when he was arrested in California.

A Magistrate Judge issued a report, recommending, inter alia, that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because it was clear on the face of the complaint that the claims were time-barred.[1] Holmes did not file any objections to the Magistrate Judge's report, despite being provided notice and

---

[1] The Magistrate Judge also recommended that the claims against the Pennsylvania Defendants be dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) because they were repetitious of the allegations presented and rejected in another of Holmes's cases, *Holmes v. Veith, et al.*, W.D. Pa. Civ. No. 2:22-cv-00580-UNA, and that claims against a subset of the California Defendants be dismissed because, as attorneys, they were not state actors operating "under color of state law" within the meaning of 42 U.S.C. § 1983.

2

opportunity to do so. The District Court adopted the Magistrate Judge's report and recommendation and dismissed the Complaint with prejudice. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review[2] over a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record, *see Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action when no substantial issue is presented on appeal. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## II.

Although the statute of limitations is an affirmative defense that ordinarily must be pleaded and is subject to waiver, *see Chainey v. Street*, 523 F.3d 200, 209 (3d Cir. 2008), untimeliness can justify sua sponte dismissal where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009); *see also Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (explaining that a complaint whose allegations show that they are clearly time-barred is subject to dismissal for failure to state a claim); *cf. Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) ("As a general proposition, sua sponte dismissal is inappropriate

---

[2] Although an appellant's failure to object to a magistrate judge's report may in some cases impact our standard of review, *see Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 192 (3d Cir. 2019), we need not address that concern here because Holmes's appeal founders even under plenary review, the standard most favorable to him.

unless the basis is apparent from the face of the complaint.").  Upon review, we agree with the District Court that Holmes's complaint failed to state a claim, as it was untimely on its face.

Holmes brings his claims under 42 U.S.C. § 1983, and the applicable statute of limitations for these claims is borrowed from the underlying state's statute of limitations for personal-injury torts.  *See Randall v. City of Phila. Law Dep't.,* 919 F.3d 196, 198 (3d Cir. 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  In both California and Pennsylvania, the statute of limitations for such a claim is two years.  *See* 42 Pa. C.S.A. § 5524(1), (7); Cal. Code Civ. P. § 335.1.  Holmes's allegations primarily relate to false arrests for sexual battery in California in 2000 and for failing to register for the sex offender registry in Pennsylvania in 2014.  The statute of limitations for a false arrest claim begins when a plaintiff is "detained pursuant to legal process."  *See Wallace*, 549 U.S. at 397.  To the extent that Holmes also brought a claim for false imprisonment based on an alleged two-year detention after either his California or Pennsylvania arrests, the statute of limitations for such a claim began to run when the alleged false imprisonment ended.  *Id.* at 389.  Given the timeframe set forth in the Complaint, that means that the statute of limitations for this claim expired at the latest in 2018, two years after his alleged release in 2016.  Holmes filed his complaint in 2022.  No basis for tolling is apparent, and Holmes has made no argument for tolling.[3]  Accordingly, it is clear that the

---

[3] As noted above, Holmes had the opportunity to file objections to the Magistrate Judge's report but did not do so.  And Holmes's documents in support of appeal do not

4

claims are time-barred and that the Complaint therefore fails to state a claim upon which relief can be granted.

For this reason, we will affirm the District Court's judgment.

---

include any arguments on tolling.

5