**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2055
_____

WILLIAM MEDINA,
                                        Appellant

v.

ALLENTOWN POLICE DEPT.; DET. SAL APRILE;
SGT. ERIC STAUFFER; DAVE MUSSEL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:23-cv-01057)
District Judge: Honorable Mark A. Kearney

_____

Submitted Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on October 19, 2023

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: November 8, 2023)

_____

_____

OPINION[*]
_____

PER CURIAM

William Omar Medina appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania that dismissed his civil rights complaint which raised claims stemming from his arrests in March 2019. For the following reasons, we will summarily affirm.

Because the pertinent facts were thoroughly set forth by the District Court, we will only summarize them here. On March 12, 2019, Allentown police officer Sal Aprile arrested Medina and charged him with possessing an offensive weapon (brass knuckles). Two days later, police officer Eric Stauffer arrested Medina and charged him with two counts of robbery and related crimes. The Commonwealth later dismissed the weapons charge; Medina pleaded no contest to the robbery charges.

In March 2023, Medina filed a civil rights action against Officers Aprile and Stauffer, the Allentown Police Department, and David Mussel, a prosecutor in the Lehigh County District Attorney's Office. (ECF 3.) The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed with prejudice Medina's claims against the Allentown Police Department, Mussel, and the police officers, to the extent that the officers were sued in their official capacities. Medina v. Allentown Police Dep't, 2023

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

WL 2761295, at *5-6, 9-10 (E.D. Pa. Mar. 31, 2023). The District Court further ruled that Medina failed to state a claim against the officers in their individual capacities but afforded him leave to amend his complaint as to those claims, as well as to state law claims for intentional infliction of emotional distress and medical negligence. Medina filed an amended complaint, again raising claims stemming from his arrests. (ECF 14.) The amended complaint sought damages, "immediate release from custody," and unspecified declaratory and injunctive relief. (Id. at 10-12.) The District Court sua sponte dismissed the amended complaint with prejudice, holding that Medina failed to state a claim upon which relief can be granted. Medina v. Aprile, 2023 WL 3440236, at *11 (E.D. Pa. May 12, 2023). Medina timely appealed. (ECF 17.)

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim pursuant to § 1915(e)(2)(B), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial question. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly determined that Medina failed to state a claim against the Allentown Police Department. "A supervising authority may be liable under § 1983 for failing to train [municipal employees] when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the [employees] may come into contact." Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)); see also Monell v. Dep't of Soc. Servs., 436

3

U.S. 658, 694 (1978). But to establish liability on a failure-to-train claim under § 1983, a plaintiff "must identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). Here, Medina stated only that there was "municipal liability for indifference to constitutional rights[.]" (ECF 14, at 11.) That vague statement is insufficient to establish liability. See Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995).

The District Court also properly determined that Mussel, who prosecuted Medina for armed robbery, was entitled to immunity. Indeed, prosecutors are generally immune from liability for damages in actions brought pursuant to § 1983. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Medina did not allege that Mussel's actions were not "intimately associated with the judicial phase of the criminal process." Fogle v. Sokol, 957 F.3d 148, 159-61 (3d Cir. 2020). Although prosecutorial immunity does not apply to requests for declaratory or injunctive relief, see Supreme Court of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736 (1980), Medina's request for release from custody may not be pursued in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Medina's claims against Officers Aprile and Stauffer are primarily centered on false arrest and false imprisonment.[1] We agree with the District Court that those claims

---

[1] Medina also sought to raise a civil conspiracy claim against the officers. To the extent that such a claim is not time-barred, we agree that Medina failed to state a claim because

4

are time-barred.  Section 1983 does not have its own statute of limitations and instead "borrows the underlying state's statute of limitations for personal-injury torts." Randall v. City of Phila. Law Dep't, 919 F.3d 196, 198 (3d Cir. 2019) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)).  In Pennsylvania, the statute of limitations for false arrest and false imprisonment claims is two years.  42 Pa. C.S.A. § 5524(1).  While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues.  Wallace, 549 U.S. at 388.  Under federal law, false arrest and false imprisonment claims accrue on the earlier to two dates:  "when the false *imprisonment* ends with the plaintiff's release" or, "if the plaintiff remains detained, … when the *false* imprisonment ends with the issuance of legal process—when, for example, the plaintiff is brought before a magistrate." Dibrell v. City of Knoxville, Tenn., 984 F.3d 1156, 1162 (6th Cir. 2021) (citing Wallace, 549 U.S. at 389-90).  Medina alleges that he was arrested in March 2019, and the docket reports from his criminal cases indicate that he was arraigned in July 2019.[2]  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (explaining that courts may consider "matters of public record" in determining whether a plaintiff has stated a claim).  Because Medina brought the false arrest and false imprisonment claims in March 2023, they are time-barred.

---

he did not allege that the officers "reached an understanding" to deprive him of his constitutional rights.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 293-94 (3d Cir. 2018).

[2] Although Medina suggests that he discovered these claims when Officer Aprile stated at preliminary and suppression hearings that he lacked probable cause (ECF 14, at 1, 6-7), we conclude that there is no basis to toll the accrual date.  See Wallace, 549 U.S. at 390 & n.3.

That leaves only Medina's state law claims for intentional infliction of emotional distress and medical negligence. A District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the District Court properly dismissed Medina's claims under federal law, it plainly acted within its discretion in declining to hear his claims under state law. See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

Finally, we conclude that the District Court did not abuse its discretion in denying Medina leave to file another amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). The District Court accurately explained that it had previously afforded Medina an opportunity to amend consistent with its detailed decision dismissing his original complaint. Medina, 2023 WL 3440236, at *11. Under these circumstances, granting further leave to amend would have been futile.

For the foregoing reasons, this appeal does not present a substantial question.[3] Accordingly, we will summarily affirm the District Court's judgment. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] In reaching this determination, we have considered the arguments that Medina raised in his informal brief. (Doc. 8.)