**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2406
_____

JAMES MOSLEY,
                                   Appellant

v.

JOHN D. GREEN, Former Sheriff;
SCOTT MENDELSOHN; ELKINS PARK ABSTRACT CO.;
MARY GREEN; CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01665)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 12, 2024

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 27, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant James Mosley, proceeding pro se, appeals from the District Court's dismissal of his complaint. For the following reasons, we will affirm.

In 2023, Mosley filed suit against numerous defendants on his own behalf and "in the interest of" three other individuals, alleging that his constitutional rights were violated when he failed to receive notice of a sheriff's sale that occurred in 2003. Dkt. No. 2. He sought injunctive relief and compensatory damages. Id. at 4. The District Court screened the action under 28 U.S.C. § 1915(e) and dismissed Mosley's own claims with prejudice because two of the defendants are not state actors, one defendant enjoys quasi-judicial immunity, and the claims against the City of Philadelphia are time-barred. Dkt. No. 5 at 8-12. The District Court dismissed the claims Mosley brought on behalf of the other individuals without prejudice. Id. at 6-8. Mosley filed a timely notice of appeal. Dkt. No. 7.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the sua sponte dismissal of a complaint under § 1915(e) is plenary. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

The only ruling Mosley challenges on appeal is the dismissal of his claims against the City of Philadelphia as time-barred.[1] Federal constitutional claims like Mosley's are brought pursuant to 42 U.S.C. § 1983, the statute of limitations for which is two years in

---

[1] We do not review issues Mosley has not argued on appeal, such as the District Court's dismissal of the claims he brought on behalf of other individuals. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017) (explaining that an appellant's failure to raise an argument constitutes forfeiture of that argument).

Pennsylvania. See Randall v. City of Philadelphia Law Dep't, 919 F.3d 196, 198 (3d Cir. 2019). That period begins to run when a "reasonable person should have known" of the injury upon which the action is based. Kach v. Hose, 589 F.3d 626, 634-35 (3d Cir. 2009). Here, the latest event identified in Mosley's complaint—the sheriff's sale—occurred on October 29, 2003, almost twenty years before Mosley filed his complaint. Dkt. No. 2 at 9. The District Court correctly concluded that a reasonable person with an interest in a property should have known of its tax lien and subsequent sale before the passage of almost twenty years.[2] Dkt. No. 5 at 10-11.

Accordingly, we will affirm the judgment of the District Court.

---

[2] Mosley asserts that he did not learn about the October 2003 sale until August 2, 2023, so Pennsylvania's discovery rule applies to toll the statute of limitations. C.A. Dkt. No. 13 at 5-6. However, that rule requires Mosley to have exercised reasonable diligence in discovering his injury and its cause. See Fine v. Checcio, 870 A.2d 850, 858-59 (Pa. 2005).