**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1503
_____

MICHAEL B. WILLIAMS, JR.,
Appellant

v.

EDWARD J. SPAGEL; PETER DREGALLA; BALESK; LANGDON;
DERNATOWICZ; SENNETT; BROWN; ROOFNER; BURROWS; GOOZDICH;
MORRIS; MCGILL; TAYLOR, SCI ALBION; LUSCHINI; PTLM ATTALA;
KWITOWSKI; SANDRA SELENA GRAY; JILL LITTLE; ERIN CONNELLY;
ELIZABETH HIRTZ; BRANDON BINGLE; GRANT MILLER; JOHN DOE, MAYOR
OF CITY OF ERIE; JOHN DOE, CHIEF OF POLICE; JOHN GARHART; PATRICIA
J. KENNEDY; DAVID UNGERMAN; EMILY MERSKI; WILLIAM HATHAWAY;
FERRO; BOYCE; HASS; B. WISE; PRORENCHER; PUTMAN; P. BROWN; A.
VOSILIK; PLACE; BORELLO; GIROVX; STULLER; QUINN; FRENCH; BANKS;
KNIGHT; SUNDBURG; ROBERTS; A. MILLER; MULLODY; BRIDGES; JOHN
DOE; SCLISS; RIENHART; CLINGER; OCH; SHADE; HURLEY; MACINTASH;
CONNELLY; BEDNARDO; PALMER; JADLOCKI; HERMON; SEELEY;
CLEVELAND; PARTSCH; DULEY; FOX; JOHNSON; JOHN DOE; J. SANTOS; M.
SCHAEF; SOLIDOWA; DE PLACHATTA; K. SEUSSER; JOHN DOES, UNITED
MANAGER; POLKA; ANDERSON; FAITH; SESI; JOHN DOE, CAPTAIN; SNOW;
KUZELA; ELDGER; RAMSOM; JOHN DOE, SIKE; LOCK; C. CLARK; R. NYBERG;
WHITE; EARL JONES; FLINCHBURGH; PATRICIA THOMPSON; MICHAEL R.
CLARK; OLIVER; HANDCOCK; TEADHOPE; TAYLOR, CITY OF ERIE POLICE
DEPT.; MOORE; WOODS; WHOLEY; JOHN DOE, SGT.; JOHN DOE, LT.; J.
SANTOS; CONNER; GIDDYS; TIMENTHY; WALTERS; VICKERS; FREEMAN;
SMITH; SWENSON; BONCELLA; FRY; MARTIN; BLY; VANDORHOOF;
TAYLOR; MOORE; MULNIK; SHADE; SERVERO; WAIDE; NURSE GABRIELLE;
D. FORCE; JOHN DOE, NURSE PRACTITIONER; JOHN DOE, DR.; DR.
ALDRICH; JANE DOE, DR.; G. GORMONDA; BERGER; HINES; IRWINE;
SIMPSON; RAMDER; OZLANSKI; TAYLOR, SCI FRACKVILLE; A.
WEGRZNOWICZ; RESSE; LAUSKY; KEMPHART; K. BRITTEN; B. MARSH; B.
SCHNIDER; ZACHARY J. MOSLAK; KERRI MOORE; GEORGE LITTLE; JOHN
WETZEL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-22-cv-00334)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2024
_____

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 9, 2024)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Michael Williams Jr., proceeding in forma pauperis, appeals from the District Court's order dismissing his lawsuit with prejudice after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

In November 2022, Williams initiated this action by filing a complaint alleging that the approximately 150 named defendants violated his constitutional rights. While his claims are not always easy to decipher, they seem to focus especially on his allegedly wrongful prosecution in 2012, and also mention an incident of alleged excessive force

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

used by prison guards in 2017. Pursuant to 28 U.S.C. § 1915(e), the District Court screened the complaint, concluded that the allegations were either insufficiently pleaded or barred by the statute of limitations or immunity, and dismissed the case with leave to amend. Williams then filed an amended complaint repeating many of the same allegations along with numerous legal arguments. A Magistrate Judge was assigned to screen the complaint and again recommended dismissal because all of Williams' claims were either beyond the statute of limitations or barred by the doctrine of claim preclusion. The District Court entered an order adopting the Report as the Court's opinion and dismissed the case.[1] This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and review the sua sponte dismissal of a complaint under § 1915(e) de novo. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

We discern no error in the District Court's dismissal of Williams' complaint. First, the District Court correctly concluded that many of Williams' allegations are barred by the doctrine of claim preclusion. This doctrine applies when there is "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities [sic]; and (3) a subsequent suit based on the same cause of action." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 276 (3d Cir. 2014) (quotation marks omitted). We agree with the District Court that much of Williams' current action is precluded by his prior litigation in

---

[1] After the District Court entered its order, Williams attempted to file a motion to extend the time to file further objections to the Magistrate Judge's Report and Recommendation, as well as the objections themselves. Having already entered its Order, the District Court denied the motion to extend as moot.

Williams v. Spagel, W.D. Pa. Civ. No. 15-cv-00304. In that case, like this one, Williams asserted a variety of claims challenging his criminal conviction. The District Court entered a final judgment in that action in 2016, dismissing the complaint on the merits. See Williams v. Spagel, No. 15-304, 2016 WL 4720057 (W.D. Pa. Sept. 9, 2016). Williams either did raise, or could have raised, all the claims he now brings attacking his conviction in that action. They are therefore barred. See generally Davis v. Wells Fargo, 824 F.3d 333, 342 (3d Cir. 2016); Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010).

Williams' excessive-force-related claims were properly dismissed because they occurred well beyond the two-year statute of limitations imposed by 42 U.S.C. § 1983 and Pennsylvania law. Randall v. City of Phila. Law Dep't, 919 F.3d 196, 198 (3d Cir. 2019). That two-year period begins to run when a "reasonable person should have known" of the injury on which their action is based. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Given that the untimeliness of these claims was obvious on the face of the complaint, the District Court committed no error in dismissing them on screening. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2007).[2]

In a memorandum filed by Williams in this Court, Williams argues that he is entitled to a certificate of appealability. However, Williams asserted his claims under 42

_____

[2] To the extent that Williams sought to assert claims unrelated to his conviction or the alleged incident of excessive force, the allegations are undeveloped and conclusory, and therefore fail to state a claim on which relief can be granted. See Sheridan, 609 F.3d at 262 n.27 (citing Ashcroft v. Iqbal, 566 U.S. 662, 677 (2009)).

4

U.S.C. § 1983 rather than via a habeas petition, so the certificate of appealability requirement is not applicable. Nor can Williams seek release from prison or modifications to his sentence in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Additionally, we note that Williams had previously filed a habeas petition under 28 U.S.C. § 2254 with the District Court, which was denied on the merits. See W.D. Pa. Civ. No. 1:18-cv-00066.

Accordingly, we will summarily affirm the judgment of the District Court.[3] Williams' outstanding motion to expand the record is denied because he did not file the exhibit as directed by the Clerk's June 20, 2024 order.

---

[3] Nor can we say that the District Court abused its discretion by denying Williams further leave to amend, as further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).