**ALD-184**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1833
_____

HEON JONG YOO, agent of Hank Yoo,
Appellant

v.

BRIAN BARKER; ASMA NISSAR; CARRIER CLINIC PSYCHIATRISTS;
FBI NICS AGENTS; SOMERSET COUNTY CLERKS;
RUTGERS UNIVERSITY POLICE DEPARTMENT;
RWJ UNIVERSITY HOSPITAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-22-cv-01656)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and Possible
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 19, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Heon Jong Yoo, proceeding pro se, appeals an order of the District Court dismissing his complaint on statute of limitations grounds. For the reasons that follow, we will summarily affirm.

On March 15, 2022, Yoo filed a complaint against Brian Barker, an employee of the Federal Bureau of Investigation, the Clerk of Somerset County, New Jersey, Rutgers University policemen, and other defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.[1] Yoo alleged that the Rutgers University police transported him to Robert Wood Johnson University Hospital in 2013 and in 2015. Both times, he was transferred to a mental health facility and released before his scheduled hearing due to a lack of evidence.

Yoo averred that hospital employees lied on their reports and that the Somerset County Clerk transferred his records to Barker, who fraudulently labeled him as "adjudicated mentally defective/committed to a mental institution." Complaint at 4; Ex. 2 to Complaint at 6. As a result of this designation, Yoo was unable to buy firearms in 2016 and enlist in the military in 2015 and 2016. He was convicted of a firearms offense in 2018. Yoo sought money damages and the removal of the "adjudicated mentally defective" designation from the FBI's database.

Several defendants moved to dismiss the complaint. The District Court determined that New Jersey's two-year statute of limitations for personal injury actions

_____

[1] Yoo filed his complaint in the United States District Court for the Eastern District of Texas. The complaint was transferred to the New Jersey District Court.

2

applied and barred any claims that accrued before March 15, 2020. Because the acts identified in the complaint occurred before this date, the District Court dismissed Yoo's complaint in its entirety without prejudice and granted him leave to file an amended complaint. The District Court stated that if Yoo did not file an amended complaint within 30 days, the matter would be dismissed with prejudice. Before 30 days passed, Yoo filed a notice of appeal. He did not file an amended complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Although the District Court dismissed Yoo's complaint without prejudice, its order is final for purposes of § 1291. Yoo did not file an amended complaint within the 30-day period, and he thereby elected to stand on his complaint. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).[2] Our standard of review is plenary. Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 601 (3d Cir. 2015). We may summarily affirm the District Court's decision if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

As the District Court stated, the state statute of limitations for a personal injury action applies to claims under Bivens and § 1983. Fisher v. Hollingsworth, -- F.4th --, 2024 WL 3820969, at *7-8 (3d Cir. Aug. 15, 2024). A claim arising in New Jersey has a two-year statute of limitations. Id. at *8. We agree with the District Court that Yoo's

---

[2] Yoo filed a motion for reconsideration after the 30-day period expired. This motion, which is pending, does not impact our jurisdiction because it was filed after the District Court's order became final. See Batoff, 977 F.2d at 851 n.5. We do not consider this filing as it is not before us, although we note that Yoo does not seek to amend his complaint.

claims are time-barred. He alleges that he was admitted and discharged from the hospital and mental health facility, and designated "adjudicated mentally defective," in 2013 and 2015, well over two years before he filed his complaint in 2022. To the extent Yoo states that he did not know that he was labeled "adjudicated mentally defective," the court filing attached to his complaint reflects that he was aware of this designation on or before December 6, 2018, as it was stamped received as of that date by the District Court in his criminal case.[3]

Yoo appears to contend that his claims are not time-barred because there is a continuing violation of his rights. He states that erroneous information about him remains in the FBI's database. As the District Court explained, the continuing-violation doctrine applies "when a *defendant's conduct* is part of a continuing practice." Randall v. City of Phila. Law Dep't, 919 F.3d 196, 198 (3d Cir. 2019) (internal quotations and citation omitted) (emphasis added). Yoo does not allege in his complaint any conduct by a defendant on or after March 15, 2020. He has not shown that the continuing-violation doctrine applies.

Accordingly, we will summarily affirm the judgment of the District Court as this appeal does not present a substantial question. The Appellees' motions for summary affirmance are granted.

---

[3] The record reflects that Mr. Barker works in West Virginia. Even if West Virginia law applies, Yoo's claims are subject to a two-year statute of limitations. See W. Va. Code § 55-2-12(b).