**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1269
_____

PATRICK OKEY,
                              Appellant

v.

JONELLE HARTER. ESHBACH, Solicitor County of York;
YORK COUNTY PRISON; JOE JOHNSTON, Correctional Officer
(Acting Warden); BRUCE KELLY, Administrator
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-01047)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2026
Before:  HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: May 22, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Patrick Okey appeals the District Court's sua sponte dismissal of his civil action. We will affirm the District Court's judgment.

In June 2025, Okey filed a civil-rights complaint against the York County Solicitor's office and others for constitutional rights violations arising from his detention in 2008. The Magistrate Judge, screening the complaint under 28 U.S.C. § 1915(e)(2), recommended dismissing the complaint for failure to state a claim, reasoning that Okey did not explain how the defendants were involved in the alleged violations of his rights, and because the statute of limitations barred his claims.

Okey objected to the Magistrate Judge's Report and Recommendation, moved for leave to file an amended complaint, and sought to supplement his pleading with three exhibits. Okey argued that his detention in York County Prison and his lack of access to legal services during his detention warranted equitable tolling such that the statute of limitations did not bar his claims. After considering Okey's objections, proposed amended complaint, and supplementary materials, the District Court dismissed Okey's civil action. Okey timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A court may sua sponte dismiss an untimely complaint if "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the

plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009); *see also Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (explaining that a complaint whose allegations show that they are clearly time-barred is subject to dismissal for failure to state a claim). We agree with the District Court that Okey's civil action was clearly untimely, and that further amendment of the complaint would have been futile. Okey's civil-rights claims were subject to a two-year statute of limitations. *See Randall v. City of Phila. L. Dep't*, 919 F.3d 196, 198 (3d Cir. 2019). Okey filed his civil action in 2025—far more than two years after his detention in 2008.

Further, Okey's equitable tolling argument lacked merit. Okey submitted exhibits establishing that he was released from detention in 2011. *Cf. Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted) (explaining that, in deciding whether to dismiss a complaint for failure to state a claim, a court "may consider documents that are attached to or submitted with the complaint" and other matters that are "incorporated by reference or integral to the claim"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Even assuming, as Okey argued, that the statute of limitations was equitably tolled while he was detained, he still failed to file his civil action within two years of his release. Okey offered no other equitable tolling argument, either in the District Court or before this Court.

Accordingly, we will affirm the District Court's judgment.

3