**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2329
_____

RONNIE C. WILLIAMS, a/k/a Ronald C. Williams,
Appellant

v.

DIANA DUNN, Deputy Attorney General, State of Delaware; KELLY SHERIDAN,
Deputy Attorney General, State of Delaware; JOSHUAH SMITH, Detective, New Castle
County Police Department; KEITH SYDNOR, Detective, New Castle County Police
Department

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:23-cv-01311)
District Judge: Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 21, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Ronnie C. Williams, a Delaware state prisoner proceeding pro se, appeals from the District Court's dismissal of his civil rights complaint. For the reasons that follow, we will affirm the District Court's judgment.

Williams is currently serving a 22-year prison sentence for sexually abusing two children, A.G. and E.S.H. *Williams v. State*, 296 A.3d 895, 899 (Del. 2023). On September 27, 2019, Williams was arrested on 22 charges related to his sexual abuse of both victims. On October 25, 2021, he was reindicted on an additional charge of sexual solicitation of A.G. On November 19, 2021, a jury convicted Williams of rape in the second degree, continuous sexual abuse of a child, unlawful sexual contact, sexual solicitation of a child, and sexual abuse of a child by a person in a position of trust.[1] *Id.*

In November 2021, Williams brought a civil rights action against defendants from the New Castle County Police Department and the Delaware Attorney General's Office, namely, Deputy Attorneys General Kelly Sheridan and Diana Dunn, and Detectives Joshuah Smith and Keith Sydnor. He alleged that the criminal investigation and prosecution which resulted in his current incarceration violated the United States Constitution and the Delaware Constitution by malicious prosecution and abuse of process. He also raised a state-law claim of intentional infliction of emotional distress.

---

[1] The jury acquitted Williams of the charges involving the abuse of his nephew, A.D. *See Williams*, 296 A.3d at 905. Williams does not discuss these charges in his complaint outside of mentioning that, of the crimes he was charged with, five counts related "to a third party." His complaint indicates that he was acquitted on charges related to A.G. and E.S.H., not A.D.

2

The defendants moved to dismiss Williams's complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds of prosecutorial immunity, qualified immunity, and failure to state a claim. Williams filed a response in opposition.

The District Court granted the motions and dismissed the complaint with prejudice for a variety of reasons. Williams appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's decision to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim is plenary. *See Curry v. Yachera*, 835 F.3d 373, 377 (3d Cir. 2016). To survive a motion to dismiss, the complaint and any attached exhibits must contain enough facts that, if accepted as true, state a claim for relief that is plausible on its face. *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022).[2] We "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Curry*, 835 F.3d at 377. "[W]e may affirm on any basis supported by the record[.]" *Stringer v. Cnty. of Bucks*, 141 F.4th 76, 84 (3d Cir. 2025) (citing *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019)). Because Williams is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants still must "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

---

[2] Dismissal under Rule 12(b)(6) may be appropriate where an affirmative defense is apparent on the face of the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Williams raises four issues on appeal: (1) whether the District Court erred in applying *Heck v. Humphrey*; (2) whether the District Court erred by invoking the *Rooker-Feldman* doctrine; (3) whether the District Court correctly determined that defendants Dunn's and Sheridan's actions fell within the scope of prosecutorial immunity; and (4) whether the statute of limitations should have been tolled due to a "continuing violation of rights." None have merit.

We understand the District Court to have stated that, to the extent Williams's malicious-prosecution claims challenge the investigation and the prosecution that resulted in his convictions, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (explaining that *Heck* bars § 1983 actions where success in the action would implicitly call into question the validity of the plaintiff's conviction or duration of sentence). The District Court did not purport to use *Heck* as the dispositive reason for dismissal of Williams's complaint, but correctly observed that, to the extent his claims challenge the investigation and the prosecution that resulted in his convictions, such claims are barred. Similarly, we understand the District Court not to have relied on *Rooker-Feldman* as a basis for dismissal, but instead to have merely observed that the doctrine would bar direct appellate-type review of the underlying state-court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent that Williams's claims concern charges for which he was not convicted, they fail for the reasons set forth below.

4

We agree with the District Court's dismissal of all claims against defendants Sheridan and Dunn. Prosecutorial immunity shields prosecutors from civil liability for all acts taken while "functioning as the state's advocate." *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Williams argues, without supporting fact or case law, that he "believes" defendants do not qualify for immunity.[3] However, the constitutional claims against Sheridan and Dunn concerning charges for which Williams was not convicted are barred by absolute prosecutorial immunity because they were acting in their role as advocates in pursuing Williams's criminal prosecution. *See Fogle v. Sokol*, 957 F.3d 148, 159-60 (3d Cir. 2020) (explaining prosecutors are entitled to absolute prosecutorial immunity for any work "intimately associated with the judicial phase of the criminal process").

Finally, Williams contends that the District Court erred in determining that his claims against defendants Smith and Sydnor were untimely. He argues that there was "a continuing violation of rights" that should have tolled the statute of limitations.[4] He is mistaken. The continuing violation doctrine focuses on "affirmative acts" of defendants, and Williams alleged no such acts after his arrest in September 2019. *See Tearpock-*

---

[3] Williams cites *Hickman v. Donovan*, 2025 WL 2410092 (D. Del. Aug. 20, 2025), and *Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021) (per curiam), to argue that the District Court's immunity determination was improper because a factfinder could determine that the defendants misrepresented or exaggerated evidence, thus defeating qualified immunity. This argument is inapplicable to this appeal, as the District Court did not reach qualified immunity based on its finding that the defendants were entitled to prosecutorial immunity.

[4] 42 U.S.C. § 1983 does not have its own statute of limitations and instead "borrows the underlying state's statute of limitations for personal injury torts." *Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Delaware, the statute of limitations for such a claim is two years from the date the cause of action accrued absent tolling. *See* 10 Del. C. § 8119.

*Martini v. Borough of Shickshinny*, 756 F.3d 232, 236-37 (3d Cir. 2014). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001) (citation modified). Moreover, Williams has not asserted that he was entitled to equitable tolling, and there is no suggestion in the record that he was prevented from asserting his rights or misled about his ability to do so. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999).

Accordingly, we will affirm the District Court's judgment.